[ECF No. 43]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| STEPHEN LOUGHRAN,<br><br>                Plaintiff,<br><br>    v.<br><br>PEPSICO, INC., et al.,<br><br>                Defendants. | Civil No. 22-4390 (RMB/EAP) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Compel[1] several of Defendants' current employees to be deposed in Plaintiff's counsel's office in Moorestown, New Jersey. *See* ECF No. 43 (Pl.'s Mot.). Defendants filed a letter opposing the Motion. *See* ECF No. 45 (Defs.' Opp.). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the following reasons, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Stephen Loughran filed this employment discrimination action against his former employer asserting claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.* ("NJLAD"). *See* ECF No. 1, Complaint ("Compl."). Plaintiff alleges that Defendants, as joint

---

[1] Given the comprehensive nature of the letters submitted by the parties, the Court has decided to treat the letters as a motion. On January 10, 2024, the Court notified the parties of this reclassification via Text Order. *See* ECF No. 47.

employers, discriminated against him on the basis of age and as a consequence, he suffered adverse employment action, including wrongful denial of promotion and termination. *See id.* ¶¶ 13-14, 60, 62, 90-93.

As part of fact discovery, the parties have scheduled depositions of multiple witnesses. Specifically, Plaintiff seeks the depositions of several current employees of Defendants and Defendants seek to depose Plaintiff. Even though Defendants' current employees are non-parties, it appears that Defendants agreed to produce the witnesses via notice instead of a subpoena. What is clear from the parties' submissions is that they did not have an agreement as to where these depositions would take place.

On January 4, 2024, Plaintiff filed a letter describing a dispute over where the scheduled depositions of Defendants' current employees would take place. ECF No. 43. According to Plaintiff, Plaintiff served notices for these depositions to take place in Plaintiff's counsel's Moorestown, New Jersey office. Pl.'s Mot. at 1-2. However, Defendants have taken the position that these depositions should occur in defense counsel's office in Berkley Heights, New Jersey for the convenience of defense counsel and the witnesses.[2] *Id.* at 1.

In response, Defendants first argue that the witnesses are non-parties under Rule 30 and therefore, are not subject to notice depositions. Defs.' Opp. at 2. Defendants further argue that the relevant witnesses work and live in northern New Jersey and/or New York, and that attending and defending depositions in Moorestown would be a "significant inconvenience, cost, and burden." *Id.* at 1-2. Finally, Defendants argue venue is improper in the Camden vicinage and if necessary, they will file a motion to transfer this case to another vicinage within this District under 28 U.S.C. § 1404(a). *Id.*

---

[2] Plaintiff maintains that he is not in a position to evaluate this claim because Defendants have refused to provide the work or home addresses of the witnesses. *Id.* at 1.

## **DISCUSSION**

The location of a deposition is governed by Rules 26(c), 30(b), and 45(c). The procedure for selecting the location of a deposition depends on whether the deposition was scheduled via notice under Rule 30(b) or by subpoena under Rule 45(c). Rule 30(b)(1) governs depositions by notice. A requesting party may use the notice procedure only if the witness is a party[3] or if the witness consents. Under those circumstances, an "'examining party may set the place for a deposition of another party wherever he or she wishes[,] subject to the power of the court to grant a protective order under Rule 26(c)(1)(B) designating a different place.'" *Linus Holding Corp. v. Mark Line Indus., LLC*, No. 17-3694, 2018 WL 11458896, at *1 (D.N.J. May 1, 2018) (quoting *Campbell v. Detert*, No. 11-642, 2013 WL 1314429, at *12 (D.N.J. Mar. 28, 2013) (citing 8A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, *Federal Practice and Procedure* § 2112 (3d ed. 2012) ("Wright & Miller"))). This notice procedure was adopted to reduce the burden on the court by removing the requirement that a party requesting a deposition could do so only with leave of court. *See* Rule 45 advisory committee's note to the 1970 amendment ("Plaintiff is excused from obtaining leave . . . if he gives . . . notice.").

---

[3] A party for the purposes of Rule 30(b)(1) is a person properly joined to the action or the officer, director, or managing agent of an entity properly joined as a party. *Phila. Indem. Ins. Co. v. Fed. Ins. Co.*, 215 F.R.D. 492, 495 (E.D. Pa. 2003). The terms "director" and "officer" are given their normal legal meaning and cover board members and C-suite professionals. *Id.* A managing agent is "an individual 'invested by the corporation with general powers to exercise his judgment and discretion in dealing with corporate matters.'" *Id.* (quoting *Petock v. Thomas Jefferson Univ.*, No. 84-5937, 1986 WL 1087, at *7 (E.D. Pa. Jan. 21, 1986)). "To determine whether an employee is a managing agent, courts consider whether the individual is: '(1) invested with power to exercise his discretion and judgment in dealing with corporate matter, (2) can be depended upon to carry out employer's direction to give required testimony, and (3) has an alignment of interests with the corporation rather than one of the other parties.'" *Id.* (quoting *M.F. Bank Restoration Co. v. Elliott, Bray & Riley*, No. 92-0049, 1994 WL 8131, at *2 (E.D. Pa. Jan. 11, 1994); *see also* Wright & Miller, § 2107 nn.1-2 (3d ed. 2012).

If, however, the notice procedure is unavailable, the requesting party may compel a witness' attendance at a deposition by issuing a subpoena under Rule 45(c). That Rule imposes geographical limitations on the enforceability of the subpoena and consequently limits where a deposition can take place. Rule 45 provides in pertinent part:

> A subpoena may command a person to attend a trial, hearing or deposition only as follows:
>
> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
> (i) is a party or a party's officer; or
> (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c)(1).

Both the notice and subpoena procedures are subject to the court's power to issue an order under Rule 26(c)(1)(B) "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "specifying terms, including the time and place . . . for the disclosure or discovery." Thus, even if a Rule 45(c) subpoena is enforceable against the responding witness, the court may set the location of the deposition elsewhere under certain circumstances.

Here, Plaintiff argues that he may select where the depositions take place because Defendants agreed to produce the witnesses for deposition on notice. Pls.' Mot. at 1-2. Plaintiff further argues that to evaluate Defendants' objection to the noticed location, he needs the witnesses' work and home addresses. *Id.* at 2. For their part, Defendants argue that they did not agree to hold the depositions at a particular place, and that it would be unduly burdensome for the witnesses to travel to Plaintiff's preferred location. Defs.' Opp. at 2.

The Court finds that it cannot order the location of the depositions at this stage.  First, the Court agrees with Defendants that the current employee deponents are non-party witnesses who cannot be compelled to sit for a deposition via notice without their consent.  Neither party argues that the relevant witnesses are officers, directors, or managing agents of any party who are subject to a deposition upon notice without consent.  And although the parties may have once agreed to conduct the depositions of the non-party employees under Rule 30(b)(1), the Court cannot enforce that agreement because it does not follow the delineated procedures in the Rules.

The Court finds, however, that Plaintiff raises a legitimate concern that he is working in an information void, which is stalling progress in this case.  The Court will therefore order Defendants to provide the addresses where each witness resides, is employed, and regularly transacts business in person.  That information will permit Plaintiff to consider whether to issue subpoenas and designate the place of the depositions, and critically, to determine where those subpoenas would be enforceable.

## ORDER

For the reasons set forth in the Opinion and for good cause shown:

**IT IS** this **29th** day of **January 2024**;

**ORDERED** that Plaintiff's Motion to Compel, ECF No. 43, is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that no later than **February 5, 2024**, Defendants shall send Plaintiff the addresses where each of the witnesses resides, is employed, and regularly transacts business in person; and it is further

**ORDERED** that the Court will conduct a status conference as previously scheduled on <u>**February 20, 2024, at 10:30 a.m.**</u>  Counsel shall dial **1-856-210-8988, access code 482136623#** to connect to the call.  The Court will address the case management schedule at that time.

s/ Elizabeth A. Pascal<br>
ELIZABETH A. PASCAL<br>
United States Magistrate Judge

cc:  Hon. Renée M. Bumb, U.S.D.J.